## Com. ex rel. District Attorney v. Coal Twp. School Directors.

*C. C. Lark,* for plaintiff; *J. A. Welsh,* for defendants.

Strouss, P. J., and Lloyd, J., Aug. 20, 1928.—This proceeding was initiated upon the petition of Edward Raker, district attorney of this county, representing, *inter alia:* That Edward Raker is the duly elected and acting District Attorney of the County of Northumberland; that the Township of Coal, in the County of Northumberland, is a township of the first class; that the

School District of the Township of Coal is a district of the third class; that Abe L. Snyder is a qualified voter of the Township of Coal; that, by reason of the death of James P. McCormick, duly qualified and acting Treasurer of Coal Township, a vacancy existed in the said office; that, on Feb. 27, 1928, the Board of Township Commissioners of the Township of Coal filled the vacancy then occurring by the death of the township treasurer by electing Abe L. Snyder, who duly qualified for the said office; that, by virtue of his office as such treasurer, Abe L. Snyder is qualified by law to be the tax collector, *inter alia*, of the school taxes of Coal Township as levied and assessed against the taxables for the year 1928; that on or about April 1, 1928, he notified the school district of his appointment as such treasurer, filed with them his special bond, and then demanded the delivery of the duplicate and warrant for the collection of taxes for said year; that the defendants have refused, and still refuse, to deliver to him the said duplicate and warrant.

Agreeably to the prayer of this petition, a writ of alternative mandamus issued. To this writ the respondents filed a responsive return, admitting the election of Abe L. Snyder, the demand for the duplicate and warrant, and their refusal to deliver the same, but denied his right to the said duplicate and warrant for the following reasons:

"*(a)* Because at the time of said election the said Abe L. Snyder was the duly elected and acting solicitor of the Board of Commissioners of Coal Township, and as such he was ineligible for election to the office of township treasurer.

"*(b)* That the meeting at which the alleged election took place was illegal, not having been held after due notice had been given the several commissioners of said township in the manner prescribed by law and the ordinances of Coal Township.

"*(c)* That in said election Abe L. Snyder did not receive the vote of a majority of the duly elected and qualified Commissioners of Coal Township.

"*(d)* Because the respondents had filled the vacancy existing in the office of Tax Collector for the School District of Coal Township prior to the alleged election of said Abe L. Snyder as township treasurer."

To this return the petitioner filed a responsive reply, denying the allegations of the answer and that a vacancy existed, and challenging the power of the respondents to appoint a person to collect the school taxes.

All the questions raised by counsel for the respondents under reasons *(a)*, *(b)* and *(c)*, upon argument of this proceeding, were answered by us in an opinion this day filed in the case of Com. ex rel. District Attorney *v.* Snyder, to No. 481, September Term, 1928 [11 D. & C. 224]. We there held that the said Abe L. Snyder was lawfully in possession of the said office with a right to hold the same. For the reasons therein given and the conclusion therein adopted, we again hold that the said Abe L. Snyder is in lawful possession of the office of township treasurer, and that the said reasons must be dismissed.

This brings us to a consideration of the final question in the case as to whether or not the death of the duly elected and qualified incumbent created a vacancy which the school district had a right to fill by appointment. In the 547th section of the School Code of May 18, 1911, P. L. 309, 342, it is provided as follows:

"Section 547. The board of school directors in each school district of the second, third or fourth class in this Commonwealth, where a tax collector is not elected to collect school taxes, or where there is a vacancy, or where any tax collector refuses to qualify or furnish a bond as herein provided, shall, annually, on or before the first day of June in each year, appoint one or more

suitable persons as tax collectors in said school district: Provided, that the board of school directors in any school district appointing any tax collector or tax collectors may authorize and direct any one tax collector to collect the school taxes in any one or more wards or other proper divisions in such school district."

In the instant case, the contention of the respondents that a vacancy existed can only be predicated upon the happening of the death of James P. McCormick. The appointment of Abe L. Snyder as township treasurer by the township commissioners, and the appointment of Annie McCormick as tax collector for the school district, occurred on Feb. 27, 1928, within four days of the death of James P. McCormick. The respondents contend that they made their appointment a couple of hours earlier than that made by the township commissioners, and, therefore, their appointee is entitled to receive the duplicate and warrant. This position is absurd if the 132nd section of the "General Township Code" is of any effect. The proposition needs no discussion. The appointment of Annie McCormick by the board of school directors on Feb. 27, 1928, was a mere nullity, for no vacancy existed which would give to the directors the right to appoint.

Upon the argument, the respondents contended that, inasmuch as the bond of Snyder was not approved and filed by the school board prior to June 1st, a vacancy existed within the meaning of the provisions of the 547th section of the "School Code." This contention is, likewise, without merit, for in no event could this fact validate the illegal appointment of Annie McCormick made on Feb. 27, 1928. Under the 537th section of the "School Code," it is provided that "taxes shall be levied and assessed by the school directors during the month of April or May each year for the ensuing year." The 550th section provides, *inter alia*, that a bond shall be furnished to the directors in the amount to be fixed by the board of school directors, with such surety or sureties as it may approve, conditioned upon the faithful performance of the duties as collector of taxes. It is further provided in the same section that in case any person elected or appointed as tax collector shall fail to furnish a proper bond within fifteen days after his appointment, or notice so to do, then, in any such case, the board of school directors shall appoint another suitable person as collector of the school taxes in said district. It is thus apparent that no bond could be tendered to the school district by the incumbent until the amount thereof was fixed by the school directors. The respondents received notice of the appointment of the incumbent on or about April 1, 1928, but it nowhere appears when the amount of the duplicate was fixed by the directors, or that they ever notified the incumbent, Abe L. Snyder, of the amount fixed, or that he has ever received notice to furnish a proper bond. It does appear that his bond was filed on June 18, 1928, and that the respondents refused to accept or approve the same, for the reason that they held the appointment made by them was valid and that Annie McCormick was entitled to receive the warrant and duplicate. This, as has been shown, was no reason for the refusal of the reception and approval of the bond by the respondents, and we conclude that Abe L. Snyder, Township Treasurer, is entitled to have his bond approved and filed by the school directors—the only objection to its approval and filing being the alleged prior appointment of Annie McCormick— and that he is entitled, upon such approval, to receive the warrant and duplicate for the collection of school taxes for the Township of Coal for the year 1928.

And now, to wit, Aug. 20, 1928, the writ is sustained, and it is ordered, directed and decreed that the School Directors of the Township of Coal

approve the bond of the said Abe L. Snyder, Township Treasurer, tendered to them as aforesaid, and that thereupon the said school board shall deliver to the said Abe L. Snyder, Treasurer of the Township of Coal, the duplicate of school taxes for said township for the year 1928, and draw and issue the necessary warrant for the collection thereof. The cost of this proceeding to be paid by the School Directors of Coal Township. An exception is noted and bill sealed for the defendants.

From C. M. Clement, Sunbury, Pa.